U. S. HELICOPTERS, INC. v. DAVID C. BLACK

No. 8520SC456

(Filed 19 November 1985)

**1. Aviation § 3.1; Negligence § 30.1— helicopter crash—no negligence by student pilot**

Plaintiff's evidence was insufficient for the jury to find that defendant's negligence caused the crash of a helicopter leased by plaintiff to defendant for defendant's use in learning to fly where it tended to show that defendant and his instructor were practicing a difficult maneuver; the instructor initiated the maneuver and told defendant to place his hands on the controls to feel the movements the instructor was making; the instructor relinquished the controls to defendant but defendant did not know he had done so; and the instructor, as pilot in command, was responsible for making sure that the maneuver could be completed safely.

**2. Bailment § 3.3— damage to bailed property—evidence establishing lack of negligence by bailee**

While plaintiff's evidence that it, as bailor, delivered an undamaged helicopter to defendant, as bailee, and that defendant returned the helicopter in a damaged condition might constitute a *prima facie* showing of negligence by defendant, plaintiff's evidence was insufficient for the jury where it went further and conclusively established a lack of negligence by defendant.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 14 February 1985 in UNION County Superior Court. Heard in the Court of Appeals 31 October 1985.

Plaintiff and defendant entered into an agreement in which plaintiff agreed to provide a helicopter to defendant for use by the defendant in learning how to fly a helicopter under the supervision and control of a certified instructor pilot. The parties agreed that the instructor would be Ron Manning, an instructor provided by defendant. The parties also agreed upon a rental charge of $115 per hour, which defendant paid in a lump sum payment of $5,000. On 18 September 1982, the helicopter, while occupied by defendant and Manning, crashed, causing damage to the tail section of the aircraft. Plaintiff, alleging defendant negligently caused or allowed the helicopter to crash, instituted this action seeking to recover damages arising out of the crash. At the close of the plaintiff's evidence, the court granted defendant's motion for a directed verdict. From judgment entered in defendant's favor, plaintiff appealed.

*Dawkins & Lee, P.A., by Koy E. Dawkins, for plaintiff.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe, Irvin W. Hankins, III, and Sally Nan Barber, for defendant.*

WELLS, Judge.

[1] The sole issue in this appeal is whether the court erred in allowing defendant's motion for a directed verdict at the close of plaintiff's evidence. For the following reasons, we hold the court did not err in allowing the motion.

A motion for a directed verdict by a defendant presents the question of whether the evidence, taken in the light most favorable to the plaintiff, is sufficient to take the case to the jury and to support a verdict for plaintiff. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). Such a motion is not properly allowed unless it appears, as a matter of law, that the plaintiff cannot recover upon any view of the facts which the evidence reasonably tends to establish. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977).

The evidence in the present case tends to show that Manning and defendant were using the helicopter on 18 September 1982 to allow defendant to practice executing a maneuver known as an "auto-rotation" maneuver, which student pilots must master in order to be certified as a pilot. This maneuver, one of the most difficult maneuvers required, involves a simulation of an emergency in which the pilot undertakes to land the aircraft without engine power.

Plaintiff affirmed defendant's deposition testimony that Manning had his hands on the controls when Manning initiated the maneuver and instructed defendant to "follow through," that is, to place his hands on the controls to feel the movements Manning was making. Although defendant later learned from Manning after the crash that Manning had relinquished the controls to defendant, defendant did not see or feel Manning relinquish the controls, nor did he hear Manning say he was relinquishing control.

Larry Self, a certified helicopter pilot instructor, testified as an expert witness that it is standard instructional procedure for a

student and instructor pilot to affirmatively acknowledge transfer and receipt of controls. Defendant testified in his deposition that Manning was not in the habit of acknowledging transfer or receipt of controls. According to Federal Aviation Administration Regulations which were introduced into evidence, a "pilot in command" is "the pilot responsible for the operation and safety of an aircraft during flight time." Self testified that regardless of whether the student knows he is to be on the controls, the instructor, as the pilot in command, is ultimately responsible for making sure that the maneuver can be completed safely, which Manning failed to do.

Plaintiff's president, Creswell Horne, Jr., admitted that Manning was the pilot in command and in charge of the helicopter. After the helicopter crashed, Manning told him he "just couldn't get hold of the controls in time" to prevent the crash.

[2] The evidence, taken in the light most favorable to the plaintiff, fails to show any negligence on the part of the defendant. Notwithstanding the lack of any evidence of negligence on defendant's part, plaintiff contends that it presented a *prima facie* case of negligence requiring submission of the case to the jury when plaintiff offered evidence tending to show that it, as bailor, delivered the helicopter to defendant; that defendant, as bailee, accepted the helicopter and thereafter had control of it; and that defendant returned the helicopter in a damaged condition. *See Insurance Co. v. Cleaners*, 285 N.C. 583, 206 S.E. 2d 210 (1974). *Insurance Co.* and other cases cited by the plaintiff are distinguishable from the case at bar. Assuming that there was a bailment, a *prima facie* showing of negligence would arise by presumption. Had plaintiff's evidence consisted only of the bailment and subsequent damage by the bailee during the bailment, plaintiff's argument might prevail. Here, however, plaintiff's evidence went much further and conclusively established a lack of negligence by defendant. There must be negligence on the part of defendant for him to be found liable for the damage. *See Pennington v. Styron*, 270 N.C. 80, 153 S.E. 2d 776 (1967). It appearing, as a matter of law, that plaintiff cannot recover against defendant under any state of facts which the evidence presents, the court properly allowed defendant's motion for a directed verdict. *Manganello v. Permastone, supra.*

Affirmed.

Judges ARNOLD and PARKER concur.